```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                    JACKSONVILLE DIVISION
```

GEORGE CLIFTON and JASON RAWLINGS,

        Plaintiffs,

vs.                                    Case No.  3:06-cv-264-J-33MMH

WALTON J. KINNEY and DALTON MATTHEW KINNEY,

        Defendants.
_____/

### ORDER

This cause comes before the Court pursuant to Plaintiff George Clifton's Motion to Dismiss Defendants' Counterclaims (Doc. # 8), filed on June 2, 2006.  Defendants' Response (Doc. # 10) was filed on June 16, 2006.  For the reasons stated herein, Plaintiff's Motion to Dismiss is due to be DENIED.

**I.    STANDARD OF REVIEW**

In deciding a motion to dismiss, the Court "accept[s] the facts of the complaint as true and view[s] them in the light most favorable to the non-moving party."  See Magluta v. Samples, 375 F.3d 1269, 1273 (11th Cir. 2004)(citing Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998)).  A complaint should not be dismissed for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle it to relief." 75 Acres, LLC v. Miami-Dade County, Fla., 338 F.3d 1288, 1293 (11th Cir. 2003)(citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

The plaintiff is not required by the Federal Rules of Civil Procedure to "set out in detail the facts upon which he bases his claim." Conley, 355 U.S. at 47. All that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must be sufficient to afford the defendant "fair notice of what the claim is and the grounds upon which it rests." United States v. Baxter Int'l, Inc., 345 F.3d 866, 881 (11th Cir. 2003)(quoting Conley, 355 U.S. at 47).

## II. BACKGROUND

On March 23, 2006, Plaintiffs George Clifton and Jason Rawlings filed suit against Defendants Walton and Dalton Kinney. (Doc. # 1.) In their Complaint, Plaintiffs allege various violations of the Fair Labor Standards Act. Count I alleges that Defendants failed to comply with the FLSA's overtime provisions when they repeatedly and willfully failed to compensate Plaintiff Clifton for overtime hours worked. Count II alleges that Defendants failed to comply with the FLSA's minimum wage provision by willfully failing to compensate Plaintiff Clifton at a rate equal to the minimum wage requirement for work performed while Plaintiff was employed by Defendants. Count III alleges that Defendants breached their express employment contract with Plaintiff Clifton when they failed to pay him all of the agreed compensation for work performed between March 2004 and May 2004. Count IV alleges that Defendants failed to comply with the FLSA's

overtime provisions when they repeatedly and willfully failed to compensate Plaintiff Rawlings for overtime hours worked.  Count V alleges that Defendants failed to comply with the FLSA's minimum wage provision by willfully failing to compensate Plaintiff Rawlings at a rate equal to the minimum wage requirement for work performed while Plaintiff was employed by Defendants.  Count VI alleges that Defendants breached their express employment contract with Plaintiff Rawlings when they failed to pay him all of the agreed compensation for work performed between March 2004 and May 2004.

On May 25, 2006, Defendants filed an Answer, Affirmative Defenses, and Counterclaim (Doc. # 6) in response to Plaintiffs' Complaint.  Defendants' Counterclaim against Plaintiff Clifton states that Defendants and Clifton had entered into a joint venture agreement wherein Clifton would construct a hog corral fencing on Defendants' land, which would be used in organized hunts.  The fee paid by hunters to hunt on the land would be split between Defendants and Clifton.  As part of the Agreement, Clifton resided in Defendants' mobile home trailer, which, had it been occupied by a renter, would have rented for $250.00 per month plus approximately $150.00 in utility costs. Defendants state that "any payments made to Clifton by [Defendants], including the value of room and board plus utilities to live in the mobile home trailer, were merely a disbursement of a capital investment made by [Defendants] towards the joint venture."   (Doc. # 6, p. 5.)

Defendants also state that at no time was Clifton Defendants' employee.

Count I of Defendants' Counterclaim alleges that Clifton breached an oral contract with Defendants when he collected a fee for organized hunts on Defendants' land but failed to remit to Defendants their portion of the fees. Count II of the Counterclaim alleges that Clifton breached an oral contract with Defendants when he orally agreed to sell Defendants a mobile home trailer, Defendants paid $500.00 for the trailer, but Clifton never delivered the trailer to Defendants. Count III of the Counterclaim alleges that Clifton breached an oral agreement with Defendants when Defendant W.J. Kinney orally agreed to sell Clifton walk-in cooler panels for $1,700.00, Defendant W.J. Kinney delivered and Clifton accepted the panels, but Clifton never paid for the panels.

### III. ANALYSIS

Plaintiff Clifton asserts that Defendants' Counterclaims must be dismissed pursuant to Rules 12(b)(6) and 13(a) of the Federal Rules of Civil Procedure. Alternatively, under 28 U.S.C. § 1367, Clifton argues that this Court should decline to exercise supplemental jurisdiction over Defendants' Counterclaims.

First, Clifton argues that Defendants' claims amount to a setoff against the wages he has claimed in his Complaint, and that defendants under the the FLSA may not assert any counterclaims that would create a possible setoff or recoupment to a party's wage claim. (Doc. # 8, p. 2.) Clifton's argument relies heavily on

Brennan v. Heard, 491 F.2d 1, 4 (5th Cir. 1974), a former Fifth Circuit case that courts in other circuits have relied upon for the proposition that FLSA defendants may not assert counterclaims that would, if the defendant prevailed, amount to a setoff of Plaintiff's wage recovery. See, e.g., Donovan v. Pointon, 717 F.2d 1320, 1323 (10th Cir. 1983)(relying in part on Brennan for the proposition that setoffs are not permitted in FLSA cases); Morrisroe v. Golsboro Mining Co., 1980 LEXIS 14549, *5-6 (N.D. Ga.)(same). In 2003, the Fifth Circuit clarified that such was not its intent in Brennan. Rather, it stated that Brennan only stands for the principle that setoffs may not result in sub-minimum wage payments to an employer. Singer v. City of Waco, 324 F.3d 813, 828 n.9 (5th Cir. 2003). In other words, a setoff is permissible so long as it does not cause an employee's wages to fall below the statutory minimum. Id. at 828.

Here, Clifton has not alleged that he would receive a sub-minimum wage payment if Defendants were to prevail on their counterclaims against him.[1] As a result, the Court rejects Clifton's arguments that Defendants' counterclaims must be dismissed because setoffs are not permitted in FLSA cases.

Second, Clifton argues that Defendants' counterclaims are permissive, not compulsory, and as a result they must be dismissed because they do not assert their own basis for subject matter

---

[1] Should it become clear that a sub-minimum wage would result if Defendants prevailed on their counterclaim, Clifton may bring anew his Motion to Dismiss on this basis.

jurisdiction.  The Federal Rules of Civil Procedure define a compulsory counterclaim as a claim that "arises out of the transaction of occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."  Fed. R. Civ. P. 13(a).  A permissive counterclaim is "any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim."  Fed. R. Civ. P. 13(b).

This circuit employs a "logical relationship" test to determine whether a counterclaim is compulsory or permissive. <u>Revere Copper & Brass Inc. v. Aetna Cas. & Surety Co.</u>, 426 F.2d 709, 714 (5th Cir. 1970).[2]  Under this test, a claim is said to arise out of the same transaction or occurrence as the underlying cause of action if it "arises from the same aggregate of operative facts as the original claim" in the sense that "the same aggregate of operative facts serves as the basis of both claims."  <u>Id.</u> at 715.

After closely examining both the Complaint (Doc. # 1) and the Answer and Counterclaim (Doc. # 6), this Court concludes that Defendants counterclaims bear a logical relationship to the claims Plaintiffs raised in their complaint.  First, Defendants'

---

[2] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

counterclaims appear to arise out of the transaction or occurrence that is the subject matter of Plaintiffs' claim. Both Clifton's claims against Defendants and Defendants' counterclaims against Clifton logically relate to each other in the sense that they both relate to the work that Clifton performed either with or for Defendants. Second, as Plaintiff himself states, "the aggregate of operative facts in Plaintiff's overtime claim consists of (1) whether Plaintiff was an employee of Defendants and subject to the FLSA . . ." (Doc. # 8, p. 5.) According to Defendants, Plaintiff was not their employee, but rather was a participant in a joint venture. Defendants' counterclaim states that "[a]ny payments made to [Plaintiff] Clifton by [Defendants], including the value of room and board plus utilities to live in the mobile home trailer, were merely a disbursement of a capital investment made by [Defendants] towards the joint venture." (Doc. # 6, p. 5.) Because Defendants have defended Plaintiff Clifton's claims by stating that he was not an employee and that any payments made to him were not wages paid to an employee but rather were a disbursement of a capital investment towards a joint venture, Plaintiff's argument that the two claims are not logically related is unavailing.

Plaintiff also argues that the Court should decline to exercise supplemental jurisdiction for the reasons stated in 28 U.S.C. § 1367(c). However, Plaintiff has identified no novel or complex issue of state law that would cause this Court to decline to exercise supplemental jurisdiction. Similarly, Plaintiff has

not identified how Defendants' counterclaims substantially predominates over Plaintiffs' claims. Nor has Plaintiff shown that there are "other compelling reasons" to decline jurisdiction. Thus, for the reasons stated here, supplemental jurisdiction over Defendants' counterclaims is appropriate, and this Court finds no reason to decline to exercise it here.

## IV. CONCLUSION

For the reasons stated herein, the Plaintiff's Motion to Dismiss Defendants' Counterclaims (Doc. # 8) is due to be denied.

Accordingly, it is now

**ORDERED, ADJUDGED** and **DECREED:**

Plaintiff's Motion to Dismiss Defendants' Counterclaims (Doc. #8) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 24th day of November, 2006.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record